[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1160
The plaintiff in the instant action requests leave to file an amended complaint. That request was filed on July 4, 1999, nearly ten months after this court granted the defendant, Tarpon River, L.L.C.'s Motion to Strike counts six, seven, and eight of the complaint. The defendant objects to the amendment on the ground that it was untimely filed and on the ground that such amendment would inordinately prejudice it. The plaintiff, in support of her request, argues that, notwithstanding the fact that the request is filed after the fifteen-day period within which it could have filed an amendment as of right, she should still be allowed to file the requested amendment because ultimately the amendment would cause no true prejudice to the defendant.
Connecticut courts have held that:
 "Amendments to pleadings are governed by Practice Book § 10-60 (formally Section 176). Connecticut courts have pursued a liberal policy in allowing amendments. Johnson v. Toscano, 144 Conn. 582, 587 (1957). `While our courts have been liberal and permitting amendments . . . this liberality has limitations. Amendments should be made seasonably.' Connecticut National Bank v. Voog, 233 Conn. 352, 364 (1995). The factors to be considered are: the length of delay; fairness to the opposing party; and the negligence if any of the parties seeking to amend. Connecticut National Bank v. Voog, Supra; Cummings v. General Motors Corp., 146 Conn. 443, 449-50 (1959); Coburn v. Ordner, Superior Court, Judicial District of Bridgeport Docket No. CV 93-0306715S (November 3, 1995, Rush, J.)"
 Carbajal v. Glickenstein, Superior Court, Judicial District of Hartford Docket No. CV 95-0554113S (January 26, 1999, Mulcahy, J.)
In the instant matter, this case is on the trial list but it has not yet been assigned a trial date. The case has already been pre-tried and extensive discovery has already been conducted. The plaintiff does not present evidence that the delay in filing the requested amendment was not due to her own negligence. In fact, the plaintiff argues that "whether or not counsel for the plaintiff was prepared to file an amended complaint several months ago should not be the is sue." There are numerous factors CT Page 1161 militating against this court allowing the requested amendment. However, taking all of the factors together, including the facts that a party was recently cited into this case by the defendant, and the fact that there is no trial date, this court will allow the requested amendment.
Angela Carol Robinson Judge